18.5252

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | |
|---|---|
| HARLEYSVILLE LAKE STATES INSURANCE COMPANY, | ) ) ) |
|                                           *Plaintiff*, | ) Case No. 24 CV 12712 |
| v. | ) ) |
| CHICAGO TITLE AND LAND TRUST COMPANY and WESTERN PROPERTIES LIMITED PARTNERSHIP, | ) ) ) ) |
|                                           *Defendants*. | ) |

## COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES the Plaintiff, HARLEYSVILLE LAKE STATES INSURANCE COMPANY ("Harleysville"), by its attorneys, Lindsay, Pickett, & Postel, LLC, and for its Complaint for Declaratory Judgment, pursuant to 28 U.S.C. §2201, against the Defendants, CHICAGO TITLE AND LAND TRUST COMPANY ("Chicago Title") and WESTERN PROPERTIES LIMITED PARTNERSHIP ("Western Properties"), states as follows:

## INTRODUCTION

1. Harleysville seeks a declaration that it does not owe any duty to defend or indemnify its insureds, Chicago Title and Western Properties, with respect to an underlying lawsuit, styled as *City of Chicago v. Chicago Title and Land Trust Company et al.*, case No. 2021 10 14180, currently pending in the Circuit Court of Cook County, Illinois Municipal Department, First District (the "underlying lawsuit"). Specifically, the underlying lawsuit does not seek any damages covered by the Harleysville policy and, even if it did, Chicago Title and Western Properties failed to timely notify Harleysville of the underlying lawsuit in violation of the policy's notice provisions which are a conditions precedent to coverage.

## THE PARTIES

2. Harleysville is organized under the laws of the State of Ohio, with its principal place of business located in Ohio, and is accordingly a citizen of the State of Ohio.

3. Chicago Title is an Illinois corporation with its principal place of business in Illinois and is, therefore, a citizen of the State of Illinois.

4. Western Properties is a limited partnership organized and existing under the laws of the State of Illinois with its principal place of business in Illinois. The general partner of Western Properties is Lancor Holdings, LLC. Lancor Holdings, LLC is also a limited partner. Lancor Holdings, LLC is a limited liability company organized under the laws of the State of Illinois with its principal place of business in Illinois. The sole manager of Lancor Holdings, LLC is Lancor Equities, Ltd. The members of Lancor Holdings, LLC are Lancor Equities, Ltd. and Alco Holdings, LLC. Alco Holdings, LLC is a limited liability company organized under the laws of the State of Illinois with its principal place of business in Illinois. The manager of Alco Holdings, LLC is Al Giudice who resides in Illinois. Thus, Western Properties is a citizen of the State of Illinois.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Harleysville and the defendants, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

6. Venue is proper under 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within the Northern District of Illinois, Eastern Division.

7. This Court has personal jurisdiction over Chicago Title and Western Properties because they are citizens of Illinois.

8. An actual controversy exists between the parties, and pursuant to 28 U.S.C. §2201, this Court has the authority to grant the relief requested.

## NONJOINDER OF CERTAIN PARTIES

9. The City of Chicago (the "City") is the underlying plaintiff and is a municipal corporation of the State of Illinois. The City has not been joined in this action because it may be immune from suit under the doctrine of governmental immunity. Harleysville will provide the City with a copy of the complaint and invite it to intervene should it desire to do so.

## THE UNDERLYING LAWSUIT

10. On September 14, 2021, the City filed the underlying lawsuit against Chicago Title and Western Properties in the Circuit Court of Cook County, Illinois Municipal Department, First District, Case No. 2021 10 14180. A true and correct copy of the complaint is attached hereto as **Exhibit A**.

11. The underlying lawsuit alleges that Chicago Title and Western Properties are the owners of the property located at 2444 W. 21st Street in Chicago, Illinois (the "Property"). **Exhibit A**, ¶ 3.

12. The underlying lawsuit alleges that, on or about December 29, 2012, the Chicago Fire Department responded to a fire on the Property (the "Loss") at which time it was discovered that the Property was vacant and/or abandoned. *Id*. ¶ 4.

13. The underlying lawsuit seeks $84,908.57 in fire suppression costs in connection with the Loss. *Id*. ¶ 5.

14. The underlying lawsuit further seeks a penalty in an amount equal to the City's litigation and collection costs and attorney's fees in connection with the Loss. *Id*. ¶ 10.

15. Chicago Title was served in the underlying lawsuit on October 13, 2021. A copy of the Sheriff's Affidavit of Service is attached hereto as **Exhibit B**.

16. Western Properties was served in the underlying lawsuit on April 28, 2022. A copy of the Affidavit of Service is attached hereto as **Exhibit C**.

### HARLEYSVILLE'S FIRST NOTICE OF THE UNDERLYING LAWSUIT

17. Harleysville was not notified of the underlying lawsuit until June 20, 2024.

### THE HARLEYSVILLE POLICY

18. Harleysville issued Lancor Equities, Ltd. a policy of insurance, policy no. GL00000064893D, effective December 17, 2012 to December 17, 2013 (the "Policy"). A true and correct copy of the Policy is attached hereto as **Exhibit D**.

19. Chicago Title and Western Properties are Named Insureds on the Policy.

20. The Policy is intended to be interpreted as a whole, but for the convenience of the Court and counsel, Harleysville sets forth certain pertinent provisions from the Policy.

21. The Policy contained commercial general liability coverage which provides, in relevant part:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

Various provisions in this policy restrict coverage. Read the entire policy carefully to determine rights, duties and what is and is not covered. Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations, and any other person or organization qualifying as a Named Insured under this policy. The words "we", "us" and "our" refer to the company providing this insurance.

***

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

>**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result.

***

>**2.** **Exclusions**
>
>>This insurance does not apply to:
>
> ***
>
>>**j.** **Damage To Property**
>>
>>>"Property damage" to:
>>>
>>>(1) Property you own, rent, or occupy, including any costs or expenses incurred by you, or any other person, organization or entity, for repair, replacement, enhancement, restoration or maintenance of such property for any reason, including prevention of injury to a person or damage to another's property[.]***

***

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

***

**2.** **Duties In The Event Of Occurrence, Offense, Claim Or Suit**

***

>>**b.** If a claim is made or "suit" is brought against any insured, you must:
>>
>>>(1) Immediately record the specifics of the claim or "suit" and the date received; and
>>>
>>>(2) Notify us as soon as practicable.
>>>
>>>You must see to it that we receive written notice of the claim or "suit" as soon as practicable.
>
>>**c.** You and any other involved insured must:

(1) Immediately send us copies of any demands, notices, summonses or legal papers received in connection with the claim or "suit";

(2) Authorize us to obtain records and other information;

(3) Cooperate with us in the investigation or settlement of the claim or defense against the "suit"; and

(4) Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

\*\*\*

**SECTION V – DEFINITIONS**

\*\*\*

17. "Property damage" means:

a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it[.]

\*\*\*

18. "Suit" means a civil proceeding in which damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies are alleged.

\* \* \* \*

**COVERAGE ALLEGATIONS**

**COUNT I**
**NO DUTY TO DEFEND OR INDEMNIFY CHICAGO TITLE**

22. Harleysville incorporates by reference paragraphs 1 through 21, as if set forth fully herein.

23. Harleysville does not owe a duty to defend or indemnify Chicago Title against the underlying lawsuit because it does not seek any damages covered by the Policy.

6

24. Particularly, the "damage to property" exclusion j.(1) applies to bar coverage where the underlying lawsuit seeks fire suppression costs in connection with a fire that occurred on the Property owned by Chicago Title and Western Properties.

25. Further, the penalty sought by the underlying lawsuit does not constitute damages under the Policy.

26. In the alternative, and to the extent the underlying lawsuit does seek covered damages, Chicago Title failed to timely notify Harleysville of the underlying lawsuit as required under the Policy's notice provisions which are conditions precedent to coverage.

27. Under the Policy's notice provisions, Chicago Title was required to notify Harleysville of the underlying lawsuit "as soon as practicable" and "immediately send [Harleysville] copies of any demands, notices, summonses or legal papers received in connection with" the underlying lawsuit.

28. Chicago Title did not notify Harleysville of the underlying lawsuit or send any materials to Harleysville in connection with the underlying lawsuit until June 20, 2024.

29. For the foregoing reasons, Harleysville does not owe a duty to defend or indemnify Chicago Title against the underlying lawsuit.

30. To the extent there are other bases on which Harleysville can properly deny coverage, Harleysville reserves the right to plead them in the future.

**COUNT II**
**NO DUTY TO DEFEND OR INDEMNIFY**
**WESTERN PROPERTIES**

31. Harleysville incorporates by reference paragraphs 1 through 21, as if set forth fully herein.

7

32. Harleysville does not owe a duty to defend or indemnify Western Properties against the underlying lawsuit because it does not seek any damages covered by the Policy.

33. Particularly, the "damage to property" exclusion j.(1) applies to bar coverage where the underlying lawsuit seeks fire suppression costs in connection with a fire that occurred on the Property owned by Chicago Title and Western Properties.

34. Further, the penalty sought by the underlying lawsuit does not constitute damages under the Policy.

35. In the alternative, and to the extent the underlying lawsuit does seek covered damages, Western Properties failed to timely notify Harleysville of the underlying lawsuit as required by the Policy's notice provisions which are conditions precedent to coverage.

36. Under the Policy's notice provisions, Western Properties was required to notify Harleysville of the underlying lawsuit "as soon as practicable" and "immediately send [Harleysville] copies of any demands, notices, summonses or legal papers received in connection with" the underlying lawsuit.

37. Western Properties did not notify Harleysville of the underlying lawsuit or send any materials to Harleysville in connection with the underlying lawsuit until June 20, 2024.

38. For the foregoing reasons, Harleysville does not owe a duty to defend or indemnify Western Properties against the underlying lawsuit.

39. To the extent there are other bases on which Harleysville can properly deny coverage, Harleysville reserves the right to plead them in the future.

WHEREFORE, Plaintiff, HARLEYSVILLE LAKE STATES INSURANCE COMPANY, prays that this Honorable Court enter an Order finding and declaring that it does not owe a duty to defend or indemnify Defendants CHICAGO TITLE AND LAND TRUST COMPANY and

WESTERN PROPERTIES LIMITED PARTNERSHIP against the allegations of the underlying lawsuit under the Harleysville Policy, and for such other and further relief as this Court deems fair and just under circumstances.

                                                Respectfully submitted:
                                                **LINDSAY, PICKETT & POSTEL, LLC**

                                                By: _____
                                                    Christopher J. Pickett, One of the
                                                          Attorneys for Harleysville

Christopher J. Pickett
ARDC: 06287096
cpickettt@lpplawfirm.com
312-596-7779
**LINDSAY, PICKETT & POSTEL, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606